LINDEN PACKING CO., INC. *v.* HEINOLD HOG MARKET, INC., D/B/A HEINOLD CATTLE MARKET.

[No. 3-972A60. Filed April 12, 1973. Rehearing denied May 17, 1973. Transfer denied August 27, 1973.]

*Ronald V. Aungst, Lyons, Aungst & Guastella,* of counsel, of Valparaiso, for appellant.

*Alan S. Morrison, Chester, Clifford, Hoeppner & Houran,* of Valparaiso, for appellee.

HOFFMAN, C.J.—The sole issue presented by this appeal is whether the trial court erred in granting plaintiff-appellee's motion for summary judgment.

Appellee filed its complaint alleging that plaintiff-appellee sold and delivered to defendant-appellant 254 steers at the agreed price of $110,420.23, that defendant-appellant had paid or received credit for $107,259.54, and that there remained due and unpaid the sum of $3,160.69. Appellant answered with a general denial to appellee's complaint. Thereafter appellee filed a request for admissions which, omitting formal parts, reads as follows:

"1. That the defendant is a corporation organized and existing under the laws of the State of New Jersey.

"2. That on or about March 15, 1970, the plaintiff sold and delivered to the defendant two hundred fifty-four (254) steers.

"3. That the invoice price for the steers sold and delivered by plaintiff to defendant was $110,420.23.

"4. That the check drawn by the defendant on Bankers Trust Company, payable to Heinold Cattle Market, in the amount of $106,824.82, dated March 20, 1970, a copy of which is served herewith and marked Exhibit 'A', is genuine.

"5. That the defendant has paid to the plaintiff or has been credited with the payment of sums totaling $107,-259.54."

Appellant's answer to such request for admissions, omitting formal parts, reads as follows:

"The defendant submits herewith the following admissions in connection with requests made upon it by plaintiff:

1. Yes.

2. Yes.

3. Yes.

4. Yes.

5. Defendant has paid to plaintiff the sum of $106,824.82, and has received a credit of $434.72."

Appellee then filed its motion for summary judgment, pursuant to TR. 56(C), Indiana Rules of Procedure, based upon the pleadings, the request for admissions, and answer thereto. The trial court found that there was no material issue of fact, and granted appellee's motion for summary judgment.

Appellant contends that there remained a material issue of fact as to what was actually the agreed price of the sale.

In *Davis Construction Co.* v. *Granite Sand, etc., Co.* (1928), 90 Ind. App. 379, at 384, 163 N.E. 240, at 241 (transfer denied), this court stated that, "an account rendered, *and not objected to within a reasonable time,* is to be regarded as admitted by the party charged to be *prima facie* correct." (Emphasis ours.) Appellee's request for admissions merely requested that appellant admit that the invoice price was $110,420.23, and not that it did not object thereto. There is no showing that the total amount owed is not in controversy. Furthermore, attached to appellee's request for admissions was a copy of a check drawn by defendant which stated at the top of the reverse side that it was meant to be a release of all claims by the payee (appellee) against the drawer (appellant). While appellant waived the defense of accord and satisfaction by failure to plead such as an affirmative defense, the endorsement on the check was evidence that the total amount owing was in controversy.

The rule of law to be applied in such situation is stated in *Doe* v. *Barrett* (1969), 145 Ind. App. 542, at 552-553, 251 N.E.2d 688, at 695, 19 Ind. Dec. 88 (transfer denied), as follows:

"4. The burden is on the proponent of a motion for summary judgment to conclusively demonstrate the absence of any genuine issue as to a material fact and that such proponent is entitled to a judgment as a matter of law.

"5. If the proponent of a motion for summary judgment has sustained the burden referred to in number 4, supra, then the burden is on the respondent to demonstrate the

existence of a genuine issue as to a material fact or summary judgment, if appropriate, will be entered.

"6. Any doubt as to the existence of a genuine issue as to a material fact must be resolved against the proponent of a motion for summary judgment." See also: *Ross* v. *Farmers Insurance Exchange* (1971), 150 Ind. App. 428, 277 N.E.2d 29, 28 Ind. Dec. 379 (transfer denied).

In the instant case appellee failed to "conclusively demonstrate" that the total amount owed was not in issue. The fact that appellant relied upon a general denial to the pleading is of no moment in that appellee failed to sustain its primary burden of conclusively demonstrating the absence of any genuine issue of material fact.

Judgment reversed with instructions to the trial court to render further proceedings not inconsistent with this opinion.

Reversed with instructions.

Sharp, J., concurs; Staton, J., dissents with opinion.

## DISSENTING OPINION

STATON, J.—Linden Packing Co., Inc. conceded in its oral argument before this court that its only defenses to the action brought by Heinold Hog Market, Inc. were the defenses of "payment" and "accord and satisfaction." Both of these defenses were waived by Linden Packing Co., Inc. when it failed to file a responsive pleading alleging them. An affirmative defense must be set forth in a responsive pleading. None was filed by Linden Packing Co., Inc. prior to the trial court's ruling upon the motion for summary judgment.

Rule TR. 8(C) of the Indiana Rules of Procedure provides: "(C) Affirmative defenses. A responsive pleading shall set forth affirmatively and carry the burden of proving: Accord and satisfaction, . . . payment, release . . . and any other matter constituting an avoidance, matter of abatement, or affirmative defense. . . ." Also see *Kwikie Minit Markets, Inc.* v. *Hutner* (1973), 155 Ind. App. 307, 292 N.E.2d 832 and *Rembold Motors, Inc.* v. *Bonfield* (1973), 155 Ind. App. 422, 293 N.E.2d 210.

Linden Packing Co., Inc. answered all of the interrogatories in the affirmative. This destroyed the general denial filed

earlier for the purpose of summary judgment. The printed statement on the back of its check which alludes to a release of all claims should have been affirmatively pleaded by responsive pleading under Rule TR. 8(C). Having waived the defenses of payment, release and accord and satisfaction, there is no genuine issue of fact for the court to decide. The trial court's judgment should be affirmed.

NOTE.—Reported at 294 N.E.2d 848.